McCULLOUGH AND WIFE vs. GLIDDON.

[BILL IN EQUITY BY CREDITOR, TO SUBJECT WIFE'S SEPARATE ESTATE, CREATED BY DEED, TO PAYMENT OF CHARGE.]

1. *Construction of deed of gift.*—A deed of gift, by which a father conveyed a slave to a trustee, in trust for the sole use and benefit of his daughter Eliza Jane, then a married woman, "for and during the time which she shall remain the wife of the said David," her husband ; "and if the said Eliza Jane shall die before her said husband, then to the sole use and benefit of *the heirs of her body forever ;* which said hire and profit of said negro, and the use and benefit thereof, to the said Eliza Jane as aforesaid, are, from time to time, and at all times during the coverture, to be and remain to the sole and separate use and enjoyment of the said Eliza Jane during her life, and *after her death to the heirs of her body,"*—vests an absolute title in the daughter.

APPEAL from the Chancery Court at Mobile.
Heard before the Hon. WADE KEYES.

THIS bill was filed by John S. Gliddon, against David McCullough and Eliza Jane, his wife, and sought to subject Mrs. McCullough's separate estate to the payment of a note executed by her, jointly with her husband, during coverture. It alleged, in substance, that the note held by the complainant, which was dated the 6th October, 1856, was given for the rent of a house leased and occupied by the defendants during the years 1855–56; that Mrs. McCullough owned a separate estate in slaves, created long prior to the passage of the act of 1848, and intended, when she signed said note, to charge her separate estate

with its payment; and that her husband was insolvent. The prayer of the bill was for a discovery as to the separate estate—by what conveyance it was held, and of what property it consisted—a sale of such portion thereof as might be necessary for the purpose of discharging the complainant's demand, and general relief.

The defendants filed a joint answer; admitting the execution and consideration of the note, and the insolvency of the husband; admitting that Mrs. McCullough owned a separate estate in a slave named Jacob, and exhibiting the deed by which it was created; but denying that she intended to charge her estate with the payment of said note, and alleging that she had no power thus to impose a charge on the property.

The deed exhibited with the answer, which was dated the 11th September, 1840, was executed by James Scott, sen., the father of Mrs. McCullough, and conveyed the slave Jacob to a trustee, his heirs and assigns, forever, on the following trusts: "In trust, nevertheless, to and for the sole, private and independent use, benefit and advantage of the said Eliza Jane McCullough, for and during the time which she shall remain the wife of the said David McCullough; and if the said Eliza Jane shall die before her said husband, then to the sole use and benefit of the heirs of her body forever; which said hire and profit of said negro, and the use and benefit thereof, to said Eliza Jane McCullough as aforesaid, are, from time to time, and at all times during the said coverture, to be and remain to the sole and separate use and enjoyment of the said Eliza Jane during her life, and after her death to the heirs of her body, and not subject nor liable to the control, authority, power, disposal, possession or interference of her said husband."

On final hearing, on bill, answer, and exhibits, the chancellor rendered a decree for the complainant, and ordered a sale of the slave Jacob; and his decree is now assigned as error.

THOS. A. HAMILTON, for appellant, contended—

1. That, as the cause was heard on bill and answer, and

the answer expressly denied that Mrs. McCullough intended to charge her separate estate with the payment of the note, the legal presumption of such an intention must be considered as rebutted or overturned.

2. That the deed of gift created such an interest in Mrs. McCullough's children, that the slave could not be subjected to the payment of her debts.—7 Ala. Rep. 246; 9 Ala. 999; 17 Ala. 62; 21 Ala. 467.

E. S. DARGAN, *contra.*

STONE, J.—The deed of James Scott vests in the trustee an absolute title in the slave Jacob, for the separate use of Mrs. McCullough. The words "heirs of her body," where they occur in the deed, are words of limitation, and not of purchase.—See the authorities collected in Shepherd's Digest, 535–6.

The decree of the chancellor is affirmed.

